**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JORGE JANAI GUTIERREZ MEZA[1] (A-No. 098-998-127),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-06004-JLT-SAB

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Before the Court is Jorge Janai Gutierrez Meza's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

---

[1] According to the I-213, when Petitioner immigrated to the United States as a one-year-old with his mother, his mother provided U.S. Customs and Border Protection with a fake name, country of origin, and erroneous A-number for the Petitioner. (*See* Doc. 6-1 at 2.) Specifically, his "mother provided Border patrol [a]gents, Meza Paguada, Jorge Janay, as subjects name and Honduras as subjects citizenship. There are now two different A numbers associated with the subject. The claimed falsified name and country of citizenship are tied to A098998127. The other A number, A219692944, subject claims to be updated with the correct information regarding his correct name, Gutierrez Meza, Jorge and the correct country of citizenship, Mexico." (*Id.*) Upon entering Petitioner's A-Number 098-998-127 with the country of origin, Mexico, into EOIR's website, the Automated Case Information indicates that this case is pending. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 31, 2026). Because that A-Number corresponds with Petitioner's pending removal proceedings, the court will use that A-number in connection with this habeas action. *Id.*; (*see also* Doc. 6-1 at 5.)

## I. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 6-1 at 1.) In June 2005, Petitioner immigrated to the United States with his mother when he was eleven months old, where he and his mother were encountered by Customs and Border Protection. (*Id*. at 2; Doc. 1 at 5–6, 52.) At that time, his mother provided Border Patrol with the incorrect identifying alien information for Petitioner. (Doc. 6-1 at 2.) Petitioner indicates that he has since corrected the error. (*See id*.) On September 19, 2005, Petitioner and his mother were apprehended by Immigration and Customs Enforcement and processed for removal. (Doc. 1 at 6; Doc. 6-1 at 3.) According to Petitioner, he and his mother were granted conditional parole and released on order of recognizance. (Doc. 1 at 6.) Soon after their release, Petitioner and his mother were ordered removed in absentia. (Doc. 1 at 6; Doc. 6-1 at 3.) However, on February 21, 2025, an Immigration Judge granted Petitioner's motion to terminate removal proceedings and rescinded the in-absentia removal order. (Doc. 1 at 6; Doc. 6-1 at 3.) Petitioner also obtained Special Immigrant Juvenile status in April 2021. (Doc. 1 at 73; Doc. 6-1 at 3.) Although Petitioner's initial I-485 application to adjust status was denied by USCIS on January 3, 2025, (Doc. 6-1 at 3), Petitioner has since refiled that application which remains pending as of March 20, 2026. (Doc. 1 at 6, 55–56.)

Petitioner has a history of domestic violence. On October 18, 2025, Petitioner was arrested and charged with domestic violence against his father. (Doc. 6-1 at 3; Doc. 6-2 at 1, 17.) Specifically, Petitioner was arrested for punching his father in the face after a verbal argument. (Doc. 6-2 at 1.) Those charges were ultimately dismissed because the prosecutor decided not to prosecute the case. (*Id*. at 3.) On December 21, 2025, Petitioner was again arrested and charged with domestic violence against his girlfriend. (Doc. 6-1 at 3; Doc. 6-2 at 4, 17.) Specifically, Petitioner was arrested for placing the victim in a rear naked choke hold, slamming her to the ground, and attempting to drag her by her feet out of the room. (Doc. 6-2 at 4.) According to Petitioner, he indicates that he only grabbed the victim by the wrists to keep her from breaking his property. (*Id*.) Those charges remain pending. (*See id*. at 7.) Petitioner remained in police custody until March 3, 2026, when he was released on bond. (*See id*. at 9.) Upon his release from police custody, Petitioner was immediately detained by ICE on March 4, 2026, pursuant to an

ICE detainer. (Doc. 6-1 at 2.) That day, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) if the Immigration and Nationality Act. (*Id*. at 5–8.) In arresting Petitioner, DHS also issued an administrative warrant for his arrest. (*Id*. at 9.) Petitioner's removal proceedings are ongoing and he is not subject to a final order of removal. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 31, 2026). Petitioner is currently detained at the California City Detention Facility. (*See* Doc. 1 at 5.)

On July 30, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 15–17.) On August 24, 2026, Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission, but concede that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a custody redetermination hearing before an immigration judge. (Doc. 6 at 1–2.) On August 25, 2026, Petitioner filed a reply. (Doc. 7.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases finding this legal

position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner's recent December 2025 arrest and charge for domestic violence against his girlfriend led ICE to lodge a detainer for his arrest. (*See* Doc. 6-1 at 2; Doc. 6-2 at 4.) Although Petitioner's charges have not rendered a final conviction, this Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . [T]he Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d

1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 1, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE